**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In re: § Case No. 11-20935-JPC
 §
TRACEY ANN CAVANAUGH §
 §
 §
 Debtor §

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 05/17/2011. The undersigned trustee was appointed on 05/17/2011.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. § 704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $1,000.00

 Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | $0.00 |
| Administrative expenses | $0.00 |
| Bank service fees | $11.41 |
| Other Payments to creditors | $0.00 |
| Non-estate funds paid to 3rd Parties | $0.00 |
| Exemptions paid to the debtor | $0.00 |
| Other payments to the debtor | $0.00 |
| Leaving a balance on hand of[1] | $988.59 |

 The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance on funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursements will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)**

6. The deadline for filing non-governmental claims in this case was 03/01/2012 and the deadline for filing government claims was 03/01/2012. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $250.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $250.00, for a total compensation of $250.00[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $43.07, for total expenses of $43.07.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/25/2013                        By:  /s/ David P. Leibowitz
                                              Trustee

**STATEMENT:** This Uniform form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**UST Form 101-7-TFR (5/1/2011)**

**FORM 1**

Page No: 1

Exhibit A

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

| | | | | |
|---|---|---|---|---|
| **Case No.:** | 11-20935-JPC | | **Trustee Name:** | David Leibowitz |
| **Case Name:** | CAVANAUGH, TRACEY ANN | | **Date Filed (f) or Converted (c):** | 05/17/2011 (f) |
| **For the Period Ending:** | 10/25/2013 | | **§341(a) Meeting Date:** | 06/28/2011 |
| | | | **Claims Bar Date:** | 03/01/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description (Scheduled and Unscheduled (u) Property)** | **Petition/ Unscheduled Value** | **Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs)** | **Property Abandoned OA =§ 554(a) abandon.** | **Sales/Funds Received by the Estate** | **Asset Fully Administered (FA) / Gross Value of Remaining Assets** |
| **Ref. #** | | | | | |
| 1  Personal funds | $50.00 | $0.00 | | $0.00 | FA |
| 2  Miscellaneous used household furniture and furnishings | $750.00 | $0.00 | | $0.00 | FA |
| 3  Used wearing apparel fully depreciated | $400.00 | $0.00 | | $0.00 | FA |
| 4  Estimated 2010 Federal Income Tax Refund | $3,000.00 | $0.00 | | $0.00 | FA |
| 5  Leibowitz V. Burkard Case No. 12-1479 Recovery of preferential payments. | $0.00 | $3,000.00 | | $1,000.00 | FA |

**TOTALS (Excluding unknown value)**                                                                                         **Gross Value of Remaining Assets**

                       **$4,200.00**                      **$3,000.00**                                              **$1,000.00**         **$0.00**

**Major Activities affecting case closing:**

| | |
|---|---|
| 12/30/2011 | Recovery of possible preferential payments. |
| 01/21/2013 | Motion approving settlement entered on 01/08/2013 |
| 01/24/2013 | Review Claims and Prepare TFR |
| 01/24/2013 | Settlement payment received. TFR to be prepared. |
| 02/20/2013 | Claims bar date of 03/01/2012 |
| 06/25/2013 | TFR to be completed. |
| 09/09/2013 | TFR completed for trustee's review. |

**Initial Projected Date Of Final Report (TFR):**     05/30/2013                                            /s/ DAVID LEIBOWITZ
**Current Projected Date Of Final Report (TFR):**    09/30/2013                                            DAVID LEIBOWITZ

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | | |  | | | |
|---|---|---|---|---|---|---|
| **Case No.** | 11-20935-JPC | | | **Trustee Name:** | | David Leibowitz |
| **Case Name:** | CAVANAUGH, TRACEY ANN | | | **Bank Name:** | | Green Bank |
| **Primary Taxpayer ID #:** | **-***2934 | | | **Checking Acct #:** | | ******3501 |
| **Co-Debtor Taxpayer ID #:** | | | | **Account Title:** | | |
| **For Period Beginning:** | 5/17/2011 | | | **Blanket bond (per case limit):** | | $5,000,000.00 |
| **For Period Ending:** | 10/25/2013 | | | **Separate bond (if applicable):** | | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| **Transaction Date** | **Check / Ref. #** | **Paid to/ Received From** | **Description of Transaction** | **Uniform Tran Code** | **Deposit $** | **Disbursement $** | **Balance** |
| 01/24/2013 | (5) | John P. Burkard | Settlement payment Re Adv. Case No. 12-1479 | 1141-000 | $1,000.00 | | $1,000.00 |
| 01/31/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $0.36 | $999.64 |
| 02/28/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $1.45 | $998.19 |
| 03/29/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $1.61 | $996.58 |
| 04/30/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $1.55 | $995.03 |
| 05/31/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $1.70 | $993.33 |
| 06/28/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $1.44 | $991.89 |
| 07/31/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $1.60 | $990.29 |
| 08/30/2013 | | Green Bank | Bank Service Fee | 2600-000 | | $1.70 | $988.59 |
| | | | **TOTALS:** | | $1,000.00 | $11.41 | $988.59 |
| | | | **Less: Bank transfers/CDs** | | $0.00 | $0.00 | |
| | | | **Subtotal** | | $1,000.00 | $11.41 | |
| | | | **Less: Payments to debtors** | | $0.00 | $0.00 | |
| | | | **Net** | | $1,000.00 | $11.41 | |

| **For the period of 5/17/2011 to 10/25/2013** | | **For the entire history of the account between 01/24/2013 to 10/25/2013** | |
|---|---|---|---|
| Total Compensable Receipts: | $1,000.00 | Total Compensable Receipts: | $1,000.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $1,000.00 | Total Comp/Non Comp Receipts: | $1,000.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $11.41 | Total Compensable Disbursements: | $11.41 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $11.41 | Total Comp/Non Comp Disbursements: | $11.41 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

Case 11-20935 Doc 25 Filed 10/25/13 Entered 10/25/13 14:42:02 Desc Main
Document Page 5 of 7

Page No: 2
FORM 2
Exhibit B
CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No. | 11-20935-JPC | | Trustee Name: | David Leibowitz |
|---|---|---|---|---|
| Case Name: | CAVANAUGH, TRACEY ANN | | Bank Name: | Green Bank |
| Primary Taxpayer ID #: | **-***2934 | | Checking Acct #: | ******3501 |
| Co-Debtor Taxpayer ID #: | | | Account Title: | |
| For Period Beginning: | 5/17/2011 | | Blanket bond (per case limit): | $5,000,000.00 |
| For Period Ending: | 10/25/2013 | | Separate bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check / Ref. # | Paid to/ Received From | Description of Transaction | Uniform Tran Code | Deposit $ | Disbursement $ | Balance |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSE | ACCOUNT BALANCES |
|---|---|---|---|
| | $1,000.00 | $11.41 | $988.59 |

| For the period of 5/17/2011 to 10/25/2013 | | For the entire history of the case between 05/17/2011 to 10/25/2013 | |
|---|---|---|---|
| Total Compensable Receipts: | $1,000.00 | Total Compensable Receipts: | $1,000.00 |
| Total Non-Compensable Receipts: | $0.00 | Total Non-Compensable Receipts: | $0.00 |
| Total Comp/Non Comp Receipts: | $1,000.00 | Total Comp/Non Comp Receipts: | $1,000.00 |
| Total Internal/Transfer Receipts: | $0.00 | Total Internal/Transfer Receipts: | $0.00 |
| | | | |
| Total Compensable Disbursements: | $11.41 | Total Compensable Disbursements: | $11.41 |
| Total Non-Compensable Disbursements: | $0.00 | Total Non-Compensable Disbursements: | $0.00 |
| Total Comp/Non Comp Disbursements: | $11.41 | Total Comp/Non Comp Disbursements: | $11.41 |
| Total Internal/Transfer Disbursements: | $0.00 | Total Internal/Transfer Disbursements: | $0.00 |

/s/ DAVID LEIBOWITZ

DAVID LEIBOWITZ

Exhibit D

**TRUSTEE'S PROPOSED DISTRIBUTION**

Case No.:        11-20935-JPC
Case Name:       TRACEY ANN CAVANAUGH
Trustee Name:    David P. Leibowitz

        Balance on hand:     $988.59

Claims of secured creditors will be paid as follows: NONE

        Total to be paid to secured creditors:     $0.00
        Remaining balance:     $988.59

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| David P. Leibowitz, Trustee Fees | $250.00 | $0.00 | $250.00 |
| David P. Leibowitz, Trustee Expenses | $43.07 | $0.00 | $43.07 |

        Total to be paid for chapter 7 administrative expenses:     $293.07
        Remaining balance:     $695.52

Applications for prior chapter fees and administrative expenses have been filed as follows:
NONE

        Total to be paid to prior chapter administrative expenses:     $0.00
        Remaining balance:     $695.52

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

        Total to be paid to priority claims:     $0.00
        Remaining balance:     $695.52

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

**UST Form 101-7-TFR (5/1/2011)**

Timely claims of general (unsecured) creditors totaling $266.35 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | Atlas Acquisitions LLC  (Triad - HFN-AMERITECH,) | $266.35 | $0.00 | $266.35 |

|  |  |
|---|---|
| Total to be paid to timely general unsecured claims: | $266.35 |
| Remaining balance: | $429.17 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows: NONE

|  |  |
|---|---|
| Total to be paid to tardily filed general unsecured claims: | $0.00 |
| Remaining balance: | $429.17 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

|  |  |
|---|---|
| Total to be paid for subordinated claims: | $0.00 |
| Remaining balance: | $429.17 |

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.18 percent pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $0.00. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor(s) after payment of all claims and interest is $429.17.

**UST Form 101-7-TFR (5/1/2011)**